IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH BROME JACKSON,

    Plaintiff,

vs.                                    CIVIL ACTION NO.: CV209-120

NATASHA PORTER; DIANE
PASLEY; and DWIGHT NEWBOULD,

    Defendants.

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that he did not intend to imply that Defendant Newbould made all administrative remedies unavailable to him. Rather, Plaintiff asserts, Defendant Newbould's actions rendered Plaintiff's ability to file grievances against Defendant Newbould unavailable. Plaintiff's assertion in this regard—that he could not file an administrative grievance against only one (1) prison official— is without merit, and the undersigned credits the Magistrate Judge's findings on the issue of Plaintiff's exhaustion of available administrative remedies.

Also without merit is Plaintiff's contention that he provided plenty of evidence in support of his conspiracy claim against Defendants such that this claim should survive Defendants' Motion for Summary Judgment. Plaintiff notes that Defendant Pasley told him that she regretted letting Defendant Porter "get her into this mess" and that

Defendant Newbould stated that "this is what happens when you file, and you need to seek advice on proper procedures for resolving incidents." (Doc. No. 61, p. 5). Additionally, Plaintiff directs the Court's attention to a copy of a Program Review Report. A review of this document reveals that Plaintiff was advised to "seek advice on proper procedure resolving incidents, so as to have them address (sic) correctly, to avoid more issue (sic) on top of unresolved issues." (Doc. No. 45-4, p. 2). Despite Plaintiff's contentions and even accepting his contentions as true, he has not presented evidence of an agreement among Defendants to retaliate against him. The Magistrate Judge did not weigh the credibility of the parties in the Report and Recommendation. Rather, the Magistrate Judge determined that Plaintiff's conspiracy claim should fail as a matter of law, as there is no evidence that Defendants conspired against Plaintiff. Further, the statement on this document does not reveal a threat at all—it is merely a directive to Plaintiff to follow proper procedures so that he and prison officials can avoid problems with the resolution of Plaintiff's underlying concerns in the future.

Plaintiff contends that Defendants have committed a fraud against the Court. There is no evidence whatsoever to support this contention, and the Court will not entertain it. Finally, Plaintiff asserts that Defendants provided him with incomplete discovery and seeks an order to compel production. It appears that Plaintiff's request contained in his Objections to the Magistrate Judge's Report and Recommendation and the Magistrate Judge's April 4, 2011, Order may have crossed in the mail. The Magistrate Judge's Order dated April 4, 2011, shall remain the Order of the Court.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to

Dismiss is **GRANTED**. Counts 3 and 4 of Plaintiff's Complaint are **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies. Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Plaintiff's conspiracy claim against all Defendants is **DISMISSED**, with prejudice. Plaintiff's retaliation claim against all Defendants remains pending.

**SO ORDERED**, this 10 day of May, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)