IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2011 DEC -9 PM 2: 11
CLERK
SO. DIST. OF GA.

JOSEPH BROME JACKSON,

  Plaintiff,

vs.             CIVIL ACTION NO.: CV209-120

NATASHA PORTER; DIANE
PASLEY; and DWIGHT NEWBOULD,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Joseph Jackson ("Plaintiff"), who is currently incarcerated at the Atlanta Prison Camp in Atlanta, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions while he was housed at the Federal Correctional Institution in Jesup, Georgia. Defendants filed a Second Motion for Summary Judgment. Plaintiff filed a Response. For the reasons which follow, Defendants' Second Motion for Summary Judgment should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he filed an Administrative Remedy Request against Defendant Porter. Plaintiff also asserts that Defendant Porter convinced Defendant Pasley to search Plaintiff's cell in retaliation for Plaintiff filing a grievance against Defendant Porter. Plaintiff also contends that he and Defendant Pasley went to Defendant Newbould's office, and he was told to wait outside. Plaintiff alleges he saw

Defendant Newbould remove an incident report from his printer, and Defendant Pasley signed it. According to Plaintiff, Defendant Pasley told him that she was sorry she let Defendant Porter "get her into this mess" and that she did not want to file the incident report, but she had to because Defendant Newbould told her to do so. (Doc. No. 1, p. 5).

Defendants contend that, because this Court already has determined that Plaintiff failed to present evidence that Defendants conspired to retaliate against Plaintiff, his retaliation claims must fail on the merits.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are]

entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

Defendants assert that Plaintiff has failed to produce evidence to support his claim that Defendant Porter caused Defendants Pasley and/or Newbould to retaliate against him for the filing of a grievance against Defendant Porter. Defendants also assert that Plaintiff has not alleged that Defendant Porter engaged in any act of retaliation, other than acting as a conspirator in his previously-dismissed conspiracy claim. Defendants aver that the acts of retaliation Plaintiff has alleged to have suffered were no more than "*de minimis* inconveniences", which the Eleventh Circuit Court of Appeals determined to be insufficient to support a retaliation claim.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. "To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally

3

protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech[.]" O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (alterations in original) (internal citation and punctuation omitted). "'[A] plaintiff suffers adverse action'" under the second prong, "'if the defendant[s'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights.'" Thompson v. Hall, 426 F. App'x 855, 859 (11th Cir. 2011) (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)). In determining the deterrent effect of alleged retaliatory actions, the Eleventh Circuit stated that the focus should be "on the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts." Bennett, 423 F.3d at 1252 (citing Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999)).

> As the undersigned has already determined:
>
> In her Affidavit, Defendant Porter admits that she is aware that Plaintiff filed an administrative remedy request alleging that she denied Plaintiff's wife visitation. (Doc. No. 37-3, p. 15). However, Defendants Pasley and Newbould do not admit they were aware of Plaintiff filing an administrative remedy against Defendant Porter or any other prison official. (Id. at pp.17-24). Defendant Porter declares that she did not instruct Defendant Pasley to search Plaintiff's cell, and, if she was in the housing unit on the date in question, it was as part of her duties as the compound officer. (Id. at p. 15).
>
> Defendant Pasley avers that she was having problems with her radio on the date in question and asked Defendant Porter to bring her a battery for the radio. Defendant Pasley also avers that, when a correctional officer is working in a housing unit, the officer is expected to conduct random and unannounced cell searches. Defendant Pasley declares that she conducted a random search of Plaintiff's cell on the date in question and found a note which seemed to be a warning or threat to any official who searched his cell. Defendant Pasley states she went to speak to

> Defendant Newbould, who was the case manager for the housing unit, about the note she found in Plaintiff's cell. Defendant Pasley then went to speak with acting Lieutenant Wilfort, who called Plaintiff into his office, and Defendant Pasley wrote an incident report against Plaintiff for interfering with a staff member in the performance of duties. Defendant Pasley asserts that she went to Defendant Newbould's office to type the report after she discovered the printer in the officers' station was not working. (Id. at pp. 18-19).
>
> Defendant Newbould declares that Defendant Pasley came to him for advice about the note she found during the search of Plaintiff's cell, and he advised her to bring the note to the lieutenant's attention. Defendant Newbould also declares that he typed the incident report while Defendant Pasley dictated what she wanted in the report and printed the report for her to sign. Defendant Newbould states he did not tell Defendant Pasley to write the report or what to put in the report. (Id. at p. 22).
>
> In contrast, Plaintiff asserts that all Defendants were aware that he had filed a grievance against Defendant Porter and took action against him as a result. (Doc. No. 1-2, pp. 13-14; Doc. No. 45-1; Doc. No. 45-3). While the undersigned does not credit all of his citations to the record, Plaintiff has presented evidence sufficient to create a genuine dispute as to whether Defendants were aware Plaintiff had filed an administrative remedy and then took action against Plaintiff as retaliation. To determine otherwise would be to decide an issue which clearly should be determined by a jury at trial, not this Court on a summary judgment motion. This portion of Defendants' Motion should be denied.

(Doc. No. 58, pp. 12-13).[1]

The undersigned finds that Plaintiff's retaliation claim survives Defendants' second bite at the summary judgment apple. The undersigned notes Defendants' averments that Plaintiff suffered no more than *de minimis* inconveniences and that Plaintiff "merely *speculates* that he was targeted for" a cell search a year later as retaliation. (Doc. No. 70-5, p. 2). However, Defendants' averments are just that—averments—and are not established facts. In reaching this determination, the undersigned is mindful of the fact that Plaintiff is a federal inmate and that Defendants

---

[1] Defendants re-submitted their Affidavits from their previously-filed Motion in support of their Second Motion.

5

are or were correctional officers at a federal penal institution at which Plaintiff was housed. It is of no moment that Plaintiff did not receive any discipline based on the incident report Defendant Pasley wrote against him. What is important is that Plaintiff has presented evidence to create jury questions as to whether he filed a grievance against Defendant Porter and whether all Defendants retaliated against him as a result. Defendants seek a factual resolution on this matter through their Motion, which, as the undersigned has advised on a previous occasion, is not this Court's role. In addition, merely because Plaintiff did not provide evidence that Defendants reached an agreement to retaliate against him (i.e., Defendants conspired to retaliate against Plaintiff), it does not *ipso facto* mean that Plaintiff's retaliation claim, which details separate instances of alleged acts of retaliation, fails. Further, the undersigned notes that Defendants did not advance these specific arguments in their previously-filed Motion for Summary Judgment, nor did Defendants file Objections to the undersigned's Report which recommended the dismissal of all of Plaintiff's claims except for his retaliation claim and which relied on the same evidence presented in Defendants' Second Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Second Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE