IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH BROME JACKSON,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV209-120

NATASHA PORTER; DIANE
PASLEY; and DWIGHT NEWBOULD,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned rejects the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants contend that the harms Plaintiff alleged to have suffered were *de minimis* inconveniences, as a matter of law. In support of this contention, Defendants cite Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005), and note that the Bennett court "[held] that a '*de minimis* inconvenience' will not support a claim of retaliation claim (sic) for the exercise of First Amendment rights[.]" (Doc. No. 83, p. 3).

In Bennett, the Eleventh Circuit noted that, "[t]o state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." 423 F.3d

AO 72A
(Rev. 8/82)

at 1250 (internal citation omitted). The second prong of this test was at issue in Bennett. The Eleventh Circuit adopted an objective standard when evaluating this prong, in accord with other Circuits, and held that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1254.

The undersigned agrees with the Magistrate Judge's conclusion that Plaintiff arguably presented evidence that Defendants were aware that Plaintiff filed a previous administrative remedy and that they took action against him as a result. However, this conclusion is not enough, as a matter of law, to allow Plaintiff's retaliation claim to survive Defendants' Motion for Summary Judgment. Viewing the evidence of record, even in the light most favorable to Plaintiff, reveals that an inmate of ordinary firmness would not have been deterred in exercising his First Amendment rights by Defendants' alleged actions. In fact, Plaintiff continued to pursue his administrative remedies and his right to seek redress in court after the alleged retaliatory actions took place. (See, e.g., Doc. No. 58, pp. 3, 7, 11-13). Accordingly, Plaintiff's retaliation claims against Defendants Porter and Pasley are dismissed.

In addition, Plaintiff's allegation that Defendant Newbold targeted him for a search of his cell more than a year after he filed a grievance against Defendant Porter is not sufficient to sustain a retaliation claim against Defendant Newbold. There is too much of a temporal gap between Plaintiff's protected activity and the alleged retaliatory action to establish a sufficient causal connection. Bailey v. Hughes, No. 1:10-cv-689-MEF, 2011 WL 4542721, at *19 (M.D. Ala. Sept. 30, 2011) (a three-year gap between the protected activity and adverse action too great to establish causal connection);

2

Sweet v. Boyd, No. 407-cv-00484-MP-AK, 2010 WL 940360, at *1 (N.D. Fla. Mar. 12, 2010) (seven-month gap between protected activity and adverse action insufficient to establish causal link between the two events); and Smith v. Bell, No. 06-60750 CIV, 2008 WL 868253, at *2  (S.D. Fla. Mar. 31, 2008) (eighteen-month period between protected activity and adverse action does not meet the causal connection requirement).  Thus, Plaintiff's claim that Defendant Newbold retaliated against him based on a protected activity Plaintiff engaged in over one (1) year earlier cannot survive Defendants' Motion.

Defendants' Objections are **sustained**.  The Magistrate Judge's Report and Recommendation is rejected.  Based on the foregoing, Defendants' Second Motion for Summary Judgment is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___7___ day of ___March___, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA